IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| KYLE T. WADE, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| vs. | ) | No. 1:20-CV-00272-SNLJ |
| | ) | |
| UNITED STATES OF AMERICA, | ) | No. 1:18-CR-00084-SNLJ |
| | ) | (related criminal case number) |
| Respondent. | ) | |

**<u>MEMORANDUM AND ORDER</u>**

This is a Motion under 28 U.S.C. § 2255 to Vacate Set Aside or Correct Sentence. Movant Wade pled guilty to an indictment charging him with a single count of being a previously convicted felon in possession of a firearm, in violation of <u>18 U.S.C. § 922(g)(1)</u>. <u>Docket No. 1:18-CR-00084</u> SNLJ. At sentencing, this Court determined Wade qualified as an Armed Career Criminal because he had three previous convictions for "serious drug offenses" as defined in <u>18 U.S.C. § 924(e)(2)(A)</u>. This Court then imposed the mandatory minimum term of 15 years' imprisonment. <u>Doc. # 44</u>. In his petition, Wade asserts his attorney, Assistant Federal Public Defender (AFPD) Jennifer L. Booth, rendered ineffective assistance of counsel at both his sentencing hearing and on appeal by failing to advance a novel argument attacking one of his predicate convictions.[1] For the reasons set forth herein, Wade is not entitled to relief.

---

[1] AFPD Booth submitted a letter brief in support of the § 2255 motion conceding that "there is a non-frivolous argument that I may have been ineffective in representing Mr. Wade."

**Factual Background**

On June 6, 2018, a Trooper with the Missouri State Highway Patrol conducted a traffic stop of a motor vehicle in the city of Cape Girardeau, Missouri. Doc. # 38 (Presentence Investigation Report, or "PSR") ¶ 13. Wade, who was a passenger in the backseat, provided the Trooper with a false name. *Id*. After detecting the odor of marijuana, the Trooper ordered the occupants to exit the vehicle. Wade attempted to run away from the scene, but he was apprehended moments later. *Id*. A loaded 9mm semi-automatic pistol was discovered inside the vehicle in the area where Wade had been sitting. Wade was positively identified after his apprehension and a computer inquiry revealed he had multiple felony convictions. Wade admitted the pistol belonged to him during a post-arrest interview, explaining that he purchased the pistol from another subject because he needed it for protection. PSR ¶ 14.

On June 12, 2018, a federal grand jury in the Eastern District of Missouri returned an Indictment charging Wade with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). Doc. ## 1, 2.  At the time Wade committed this offense, he was on federal supervised release following a conviction for two separate counts of distributing cocaine, in violation of 21 U.S.C. § 841(a)(1). On October 2, 2018, Wade pled guilty to the new firearm-possession charge. Doc. # 29 (Guilty-Plea Agreement). Ordinarily, the maximum statutory penalty for this offense is ten years' imprisonment. The Armed Career Criminal Act (ACCA), however, provides an enhanced penalty of fifteen years' to life imprisonment for offenders who have at least three prior convictions qualifying as "violent

2

felon[ies]" or "serious drug offense[s]" that are "committed on occasions different from one another." 18 U.S.C. § 924(e)(1). In the written guilty-plea agreement, the parties acknowledged Wade may be subject to these enhanced penalties. Doc. # 29 at 4-5. As part of the agreement, the government agreed to recommend the mandatory minimum sentence of 15 years' imprisonment in the event Wade was determined to be an Armed Career Criminal. *Id*. at 2. This Court subsequently scheduled a sentencing hearing on both the new charge and the supervised release violation.

The United States Probation Office prepared a Presentence Investigation Report prior to sentencing. Doc. # 38 ("PSR"). The PSR concluded that Wade was an Armed Career Criminal based on three prior "serious drug offenses." PSR ¶ 28. One of the predicate offenses was a 2012 Missouri state conviction for Possession of Marijuana With Intent to Distribute, in violation of Mo. Rev. Stat. § 195.211 (2011). PSR ¶ 37. The other two were from his federal convictions for selling cocaine, in violation of 21 U.S.C. § 841(a)(1). PSR ¶ 40. Count I of the Indictment in that case provided that Wade distributed cocaine "[o]n or about the 24th day of February, 2012," while Count II provided that he distributed cocaine "[o]n or about the 5th day of October, 2012."   *Id*.   As an Armed Career Criminal, Wade's offense level was increased to 33 pursuant to U.S.S.G. § 4B1.4(b)(3)(B).   A three-level deduction for acceptance of responsibility resulted in a total offense level of 30.   PSR ¶¶ 29-31.

The PSR also outlined Wade's extensive criminal history. PSR ¶¶ 34-40. Aside from the controlled substance offenses, Wade also had Missouri felony convictions for

Unlawful Use of a Weapon (discharging a firearm while intoxicated) and Resisting Arrest (by fleeing). PSR ¶ 39. In that case, a police officer observed Wade fire at least three rounds from a .40 caliber pistol "in the direction of a male subject who was running away" from him. *Id*. When Wade noticed the officer, he "took off running" and "threw the firearm." *Id*.   Wade was apprehended a short time later and the pistol was recovered. *Id*. [2]The PSR calculated that Wade had a total of 14 criminal history points, which established a Criminal History Category of VI. PSR ¶ 44. The PSR ultimately determined that Wade's applicable guideline imprisonment range was 180-210 months. PSR ¶ 74.

Prior to the sentencing hearing, Wade filed an objection to the PSR challenging his classification as an Armed Career Criminal. Doc. # 35. Wade did not dispute that his federal convictions for distributing cocaine qualified as separate ACCA predicate offenses. Instead, Wade asserted that his Missouri conviction failed to qualify because the underlying statute was overbroad. *Id*. at 1-2. More specifically, Wade argued that "the state offense sweeps more broadly than the [ACCA] definition of 'serious drug offense'" because Missouri law "encompasse[d] drugs that are not included in the federal schedule" of controlled substances. *Id*. at 2. Wade acknowledged that this particular claim was foreclosed by *Martinez v. Sessions*, 893 F.3d 1067 (8th Cir. 2018), where the Eighth Circuit rejected this precise argument. *See id*. at 1072-73 (holding that Mo. Rev. Stat. § 195.211

---

[2] Although nobody could dispute that attempting to shoot another person in the back is an extremely violent act, neither conviction qualified as a "violent felony" for purposes of the ACCA because the underlying statutes of conviction did not have "as an element the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B)(i).

4

is divisible based on drug involved because the identity of the controlled substance is an element of the offense). Nonetheless, Wade maintained that *Martinez* was incorrectly decided and sought to preserve the issue for appeal.

On January 15, 2019, the parties appeared before this Court for sentencing. This Court addressed Wade's objection to the PSR at the outset of the hearing, at which point AFPD Booth confirmed she was "just making the objection for appellate purposes." Doc. #57 (Sentencing Hearing Transcript, or "Sent. Tr.") at 3. This Court accordingly overruled the objection. Wade did not otherwise object to his classification as an Armed Career Criminal. This Court proceeded to impose the mandatory minimum sentence of 15 years' imprisonment (180 months) on the new charge of being a felon in possession of a firearm, to be followed by a four-year term of supervised release. Doc. # 44. Additionally, Wade's supervised release term was revoked and he was sentenced concurrent terms of 24 months imprisonment on each of the two counts.   Sent. Tr. at 10-11.   Wade did not lodge any further objections after the sentences were pronounced.

AFPD Booth filed a timely notice of appeal on Wade's behalf and continued her representation on appeal.   Doc. # 49.   On appeal, Wade abandoned the contention that his Missouri conviction for violating Mo. Rev. Stat. § 195.211 (2011) was improperly classified as an ACCA predicate "serious drug offense."   Instead, Wade shifted his focus to the federal convictions for violating 21 U.S.C. § 841(a)(1).   For the first time on appeal, Wade asserted that his two federal convictions for distributing cocaine should not have been counted separately as ACCA predicate offenses because they were charged in the

5

same Indictment.  Although there was no dispute that the two offenses were committed more than seven months apart, Wade nevertheless claimed this Court violated his Sixth Amendment rights by determining that his two federal convictions were "committed on occasions different from one another."  In Wade's view, only a jury could make this determination. The Eighth Circuit rejected Wade's contentions in light of its  well-established and binding precedent.  *United States v. Wade*, 792 Fed.Appx. 417 (8th Cir. 2020) (unpublished) (per curiam). The mandate was issued on April 7, 2020.       Doc. # 63.

Wade has now filed a motion to vacate his sentence under 28 U.S.C. § 2255, once again challenging this Court's determination that he qualified as an Armed Career Criminal.  This time, he has returned his attention to the Missouri conviction for violating Mo. Rev. Stat. § 195.211 (2011).[3] Relying on *United States v. Bautista*, 989 F.3d 698 (9th Cir. 2021),[4] Wade asserts this conviction should not have qualified as an ACCA "serious drug offense."  In that case, a panel of the Ninth Circuit concluded that a prior Arizona conviction for trafficking marijuana could no longer serve as a predicate conviction for sentencing enhancement purposes because it criminalized industrial hemp, which has been removed from the federal definition of marijuana. Wade maintains defense counsel was

---

[3] It is worth noting that, in recent years, this particular statute has been the focus of a variety of attacks arising in this context. *See, e.g.*, *United States v. Lyman*, --- F.3d ---, 2021 WL 1132844 (8th Cir. 2021); *United States v. Jones*, 934 F.3d 842 (8th Cir. 2019); *United States v. Hill*, 912 F.3d 1135 (8th Cir. 2019); *United States v. Reid*, 887 F.3d 434 (8th Cir. 2018); *Martinez v.Sessions*, 893 F.3d 1067 (8th Cir. 2018); *United States v. Jackson*, 909 F.3d 922 (8th Cir. 2018); *United States v. Thomas*, 886 F.3d 1274 (8th Cir. 2018). The Eighth Circuit has consistently rejected claims that this Missouri drug statute is overbroad.

[4] The original opinion, which was filed on November 23, 2020 and then amended on December 11, 2020, was reported at 982 F.3d 563. That opinion was then amended and superseded on February 26, 2021 following denial of rehearing. The case is now reported at 989 F.3d 698.

6

ineffective – both at sentencing and on appeal – for failing to recognize and advance this same argument. For the reasons set forth herein, Wade is not entitled to relief.

### General Standard for Ineffective Assistance of Counsel Claims

"A defendant faces a heavy burden to establish ineffective assistance of counsel pursuant to section 2255." *DeRoo v. United States*, 223 F.3d 919, 925 (8th Cir. 2000). The Supreme Court of the United States set forth the standard to apply in such cases in *Strickland v. Washington*, 466 U.S. 668 (1984). A Movant must plead and prove two related but independent issues. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Strickland*, 466 U.S. at 687. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial or sentence. *Id.*

Regarding the first prong of the *Strickland* test, the proper standard for attorney performance is that of reasonably effective assistance. As the Supreme Court explained, "[w]hen a convicted defendant complains of the ineffectiveness of counsel's assistance, the defendant must show that counsel's representation fell below an objective standard of reasonableness." *Id.* at 687-88. Recognizing the complexity and variety of issues that defense counsel must confront and address in any given case, the Supreme Court refused to adopt a standard that would implement an exhaustive set of detailed guidelines to evaluate attorney performance. Instead, the proper measure of attorney performance is

simply reasonableness under prevailing professional norms. *Id*. The Supreme Court instructed:

> Judicial scrutiny of counsel's performance must be highly deferential. It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable. A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy.

*Id*. at 689 (citations and internal quotation marks omitted). The Supreme Court further instructed that a reviewing court "should recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id*. at 690.

### **Need for Evidentiary Hearing and Burden of Proof**

A motion filed under 28 U.S.C. ' 2255 should be denied without an evidentiary hearing when the court records conclusively show that the movant is not entitled to relief. The statute provides, in pertinent part:

> Unless the motion and the files and records of the case conclusively show that the prisoner is not entitled to relief, the court shall . . . grant a prompt hearing thereon.

8

*Id.*   Additionally, Rule 4(b) of the Rules Governing Section 2255 Proceedings for the

United States District Court states:

> The motion, together with all the files, records, transcripts, and
> correspondence relating to the judgment under attack, shall be examined
> promptly by the judge to whom it is assigned. If it plainly appears from the
> face of the motion and any annexed exhibits in the prior proceedings in the
> case that the movant is not entitled to relief in the district court, the judge
> shall make an order for its summary dismissal and cause the movant to be
> notified.

When a petition is brought under Section 2255, the petitioner bears the burden of

establishing the need for an evidentiary hearing. A district court is given discretion in

determining whether to hold an evidentiary hearing on a motion under 28 U.S.C. § 2255.

*United States v. Oldham,* 787 F.2d 454, 457 (8th Cir. 1986). In exercising that discretion,

the district court must determine whether the alleged facts, if true, would entitle the movant

to relief. *Payne v. United States,* 78 F.3d 343, 347 (8th Cir. 1996). Moreover, in

conducting this inquiry, courts may not give weight to "conclusory allegations, self-

interested characterizations, discredited inventions, or opprobrious epithets." *Simmons v.

United States*, No. 1:16-CV-101 SNLJ, 2016 WL 5941929 (E.D. Mo. Oct. 13, 2016)

(citation omitted); *see also Ford v. United States*, 917 F.3d 1015, 1026 (8th Cir. 2019)

(reaffirming long-standing rule of dismissing allegations that are "contradicted by the

record, inherently incredible, or conclusions rather than statements of fact."). A hearing is

unnecessary when a Section 2255 motion (1) is inadequate on its face, or (2) although

facially adequate, is conclusively refuted as to the alleged facts by the files and the records

of the case. *Id*. at 225-26; *see also United States v. Robinson*, 64 F.3d 403 (8th Cir. 1995);

*Engehlen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995).

## **Wade's Motion Will be Denied Without an Evidentiary Hearing**

Wade asserts his Missouri conviction for Possession With Intent to Distribute Marijuana, in violation of Mo. Rev. Stat. 195.211 (2011), no longer qualifies as an ACCA predicate "serious drug offense." Wade further asserts his attorney was ineffective – at both sentencing and on appeal - for failing to recognize and advance a novel argument related to the legalization of industrial hemp. Wade is not entitled to relief.

The ACCA defines "serious drug offense" to include "an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance (as defined in section 102 of the Controlled Substances Act (21 U.S.C. 802)), for which a maximum term of imprisonment of ten years or more is prescribed by law." 18 U.S.C. § 924(e)(2)(A)(ii). Courts have held a state drug statute might be considered categorically overbroad if it includes substances other than those listed in 21 U.S.C. § 802 (hereafter "federal CSA"). *See*, *e.g.*, *United States v. Oliver*, 987 F.3d 794 (8th Cir. 2021); *United States v. Vanoy*, 957 F.3d 865, 867 (8th Cir. 2020) ("If the state offense sweeps more broadly, or punishes more conduct than the federal definition, the conviction does not qualify as a predicate offense."). As referenced previously, however, the Eighth Circuit applied the modified categorical approach to convictions arising under this statute and held that Mo. Rev. Stat. § 195.211 is divisible based on the drug involved in the offense. *Martinez v. Sessions*, 893 F.3d 1067, 1072-73 (8th Cir. 2018)  This is so, the Eighth Circuit explained, because the identity of the controlled substance is an element

of the offense. *Id*. It is settled, then, that the entire statute is not overbroad. And here, there is no dispute that Wade's conviction involved marijuana, which is on both the federal CSA list and the Missouri list of controlled substances. *See* 21 U.S.C. § 802(16); Mo. Rev. Stat. § 195.010(24). This would seemingly end the inquiry.

But both Missouri and the United States have recently changed their respective definitions of marijuana. On December 20, 2018, President Trump signed the Agriculture Improvement Act of 2018. Among other things, the legislation removed hemp from the federal list of controlled substances. Pub. L. No. 115-334, § 12619, 132 Stat. 4490, 5018 (codified at 21 U.S.C. § 812 (2018)). Consequently, the term "marihuana" in federal law explicitly excluded hemp as of December 21, 2018 – less than one month before Wade's sentencing hearing. Missouri enacted similar legislation about four months earlier. Mo. Rev. Stat. § 195.010(24), (28) (effective August 28, 2018). So we have a situation where, at the time of Wade's state conviction in 2012, both Missouri and the federal government defined marijuana to include hemp. And at the time of Wade's federal sentencing in January 2019, both Missouri and the federal government had removed hemp from their respective lists of controlled substances.

This raises an important timing issue. If we use the version of the federal CSA list that existed at the time of Wade's federal sentencing (*i.e.*, after hemp was removed from the federal schedule), then the Missouri statute forming the basis of his 2012 conviction may very well be overbroad. *See Oliver*, 987 F.3d at 807 (holding state statute was overbroad because Illinois defined cocaine to include "optical, positional, and geometric isomers,"

11

whereas "federal law defines cocaine to include only 'optical and geometric isomers.'"). On the other hand, if we use the federal CSA list that existed at the time of Wade's state conviction in 2012 (when hemp was included in the federal definition of marijuana), then it appears there is no dispute it remains an ACCA "serious drug offense." Whether to employ a "time-of-sentencing" versus a "time-of-conviction" approach in this context has not yet been addressed by the Eighth Circuit.[5]

Wade urges this Court to adopt the reasoning of *Bautista*, where a panel of the Ninth Circuit concluded that a state marijuana conviction could no longer serve as a predicate conviction for sentencing enhancement purposes in light of the removal of hemp from the federal CSA. In so holding, the *Bautista* panel "determined [it] must compare Bautista's prior state-law conviction with federal law at the time of his federal sentencing." *Bautista*, 989 F.3d at 704. Adopting this "time-of-sentencing" rule, the Ninth Circuit held:

> At federal sentencing, the district judge was required to compare the elements of the state statute as they existed when Bautista was convicted of that offense to those of the crime as defined in federal law at the time of his federal sentencing – that is, after the Agriculture Improvement Act removed hemp from the federal drug schedule. Because the federal CSA excludes hemp but [state law] did not, the latter crime's greater breadth is evident from its text.

*Id*. at 705 (internal quotes and citation ]omitted). In the Ninth Circuit's view, the district court erred in applying the recidivist sentencing enhancement because the state conviction

---

1 [5] Some courts of appeals have adopted the "time-of-conviction" approach in the immigration context when determining whether a person is removable based on a prior state conviction. *See Doe v. Sessions*, 886 F.3d 203 (2d Cir. 2018); *Martinez v. Attorney Gen.*, 906 F.3d 281 (3d Cir. 2018).

was overbroad. *Id.*

Although Wade encourages this Court to side with the Ninth Circuit panel in *Bautista*, this Court need not be drawn into the debate.   It is well-settled that a defense counsel's failure to raise a novel argument does not render his or her performance constitutionally ineffective. Even where an "argument, in hindsight, may have had merit," counsel's performance is not rendered ineffective where such an argument "was a wholly novel claim at the time." *Anderson v. United States*, 393 F.3d 749, 754 (8th Cir. 2005). This standard equally extends to issues of unsettled law. The Eighth Circuit has instructed that, even when a split of authority exists on a particular issue among the courts of appeals, a defense attorney is not ineffective for failing to advance an argument where there is a "complete lack of Eighth Circuit or Supreme Court authority on the subject." *Fields v. United States*, 201 F.3d 1025, 1027 (8th Cir. 2000). Emphasizing that "scrutiny of counsel's performance must be highly deferential," the Eighth Circuit explained that "counsel's failure to anticipate a rule of law that has yet to be articulated by the governing courts surely cannot render counsel's performance professionally unreasonable." *Id*. at 1028. *See also New v. United States*, 652 F.3d 949, 952 (8th Cir. 2011) (holding "[a] failure to raise arguments that require the resolution of unsettled legal questions generally does not render a lawyer's services outside the wide range of professionally competent assistance.") (internal quotes and citation omitted).

Applying these principles, Wade is simply not entitled to relief. The Ninth Circuit first announced the *Bautista* decision on November 23, 2020 – nearly two years after Wade

was sentenced by this Court. When Wade appeared for his sentencing hearing on January 15, 2019, this was indeed "a wholly novel claim at the time." *Anderson*, 393 at 754. Accordingly, Wade's petition must fail on this basis alone. Moreover, to date, no other circuit has issued a precedential opinion adopting the Ninth Circuit's rationale in *Bautista*. At best, the issue remains unsettled in all of the remaining circuits throughout the country.

The unsettled state of the law was on full display when the Sixth Circuit discussed *Bautista* in a divided non-precedential opinion issued several weeks ago. *United States v. Williams*, --- Fed. Appx. ---, 2021 WL 1149711 (6th Cir. March 25, 2021) (unpublished). At issue was a 2015 Tennessee marijuana conviction. At the time of the defendant's state conviction, both Tennessee and federal law criminalized hemp. By the time of his federal sentencing for felon-in-possession of a firearm in 2019, both Tennessee and the federal government had removed hemp from their schedules. The majority found *Bautista's* reasoning "persuasive[,]" *id*. at *4, while the concurring opinion expressly found it was *not* persuasive. *Id*. at *10, n. 2 (Cook, J., concurring in judgment). [6]

In her thoughtful concurring opinion, Judge Cook reasoned that *Bautista* was in direct conflict with *McNeill v. United States*, 563 U.S. 816 (2011), where the Supreme Court "considered the closely related question of 'how a federal court should determine the maximum sentence for a prior state drug offense' under the Armed Career Criminal Act." *Id*. at *9 (quoting *McNeill*, 563 U.S. at 817). Judge Cook explained that *McNeill*

---

[6] The *Williams* panel ultimately affirmed the defendant's sentence because the issue was not raised before the district court. Although the majority found *Bautista* to be persuasive, it nonetheless concluded the defendant was not entitled to relief under the rigorous plain error standard of review. *Id*. at *8 (defendant failed to establish the error was "clear or obvious, rather than subject to reasonable dispute."). This does not bode well for Wade, as there is an even steeper hill to climb at this stage of the proceedings.

"unanimously held that sentencing courts must look to the maximum sentence 'at the time of the defendant's state conviction for that offense' – not at the time of federal sentencing." *Id*. (quoting *McNeill,* 563 U.S. at 825). And "the only way to answer this backward-looking question of whether a previous conviction was for a serious drug offense … is to consult the law that applied at the time of that conviction." *Id*. (citing *McNeill*, 563 U.S. at 820). In Judge Cook's view, the same time-of-conviction approach should be employed when comparing the state and federal controlled substance lists. *Id*. In reaching the determination that a time-of-conviction should be employed, Judge Cook openly criticized the "Ninth Circuit's aberrant conclusion" in *Bautista* because it completely ignored the Supreme Court's guidance in *McNeill*. *Id*. at \*10.

*McNeill* certainly supports a determination that a time-of-conviction approach is the more sensible standard. Additionally, examining the issue in the immigration context, the Second Circuit observed that "in employing the categorical approach to determine whether state drug offenses constitute felonies punishable under the CSA, \*\*\* the Supreme Court \*\*\* has previously assumed that an alien's removability depends on whether a state drug schedule sweeps more broadly than the CSA Schedules in force at the time of the alien's conviction, and not at the time that his removal proceeding are initiated." *Doe v. Sessions*, 886 F.3d 203, 208 (2d Cir. 2018) (citing *Mellouli v. Lynch*, 135 S.Ct. 1980, 1988 (2015)). The Second Circuit held that "[r]eferencing the CSA Schedules in effect at the time of conviction aligns with the purpose of the categorical approach to statutory interpretation"

in that it "works to promote efficiency, fairness, and predictability." *Id*. at 209. The Second Circuit reasoned that "if at the time of conviction, an alien's state statute of conviction encompassed a broader range of drugs than the CSA Schedules, then at the time the alien would not be categorically removable." *Id*. On the other hand, "if the CSA Schedules were later expanded to encompass the same drugs as the state statute, the same alien could then *become* removable by the time the removal proceedings commenced." *Id*. (emphasis in original). Noting that "the CSA Schedule is a moving target," the Second Circuit concluded that "removability should not, as a rule, be based on fortuities concerning the timing of the petitioner's removal proceedings or DEA rulemaking." *Id*. at 210.

The Second Circuit's reasoning is sound in this respect. Suppose Wade had been convicted in 2012 of distributing a substance criminalized under Missouri law, but not included in the federal CSA at the time. Years later, the substance is added to the federal schedules. *See Doe v. Sessions*, 886 F.3d at 210 (noting that "since 1970 approximately 160 substances have been added, removed, or transferred from one schedule to another.). By Wade's logic, a prior state conviction could potentially *become* an ACCA predicate offense at some indeterminate point in the future. Such a standard contravenes fairness and predictability.

Wade is not entitled to relief on the merits. As mentioned previously, however, it is entirely unnecessary for this Court to directly address the merits. Under established Eighth Circuit precedent, counsel cannot be ineffective for failing to raise novel arguments.

*See Anderson*, <u>393 F.3d at 754</u>. Nor can counsel be ineffective for failing to pursue arguments that require the resolution of unsettled legal issues. *See Fields*, <u>201 F.3d at 1027</u>. This "time-of-conviction" versus "time-of-sentencing" debate remains unsettled today. In fact, this precise issue is currently pending in at least two Circuits. *See United States v. Abdulaziz*, No. 19-2030 (1st Cir.); *United States v. Perry*, No. 20-6183 (6th Cir.). In both of those cases, the government has taken the position that a time-of-conviction rule represents the better approach. Those two Circuits will address the matter in due course, and only time will tell which viewpoint will prevail in those jurisdictions. Perhaps either the First Circuit or the Sixth Circuit (or maybe both) will agree with the government and adopt the time-of-conviction approach, thereby creating a circuit split on the issue.

But as it stands today, the Eighth Circuit has not weighed in. And that is all that really matters here. The issue before this Court is not whether the Ninth Circuit panel decision in *Bautista* was correct on the merits. Instead, this Court "must ascertain only whether counsel was constitutionally ineffective under the two-part test of *Strickland*." *Fields*, <u>201 F.3d at 1027</u>. As the *Fields* Court recognized, "that is a very different inquiry" than directly resolving a divisive issue of unsettled law. *Id.* Wade has fallen woefully short of demonstrating his counsel's representation fell below an objective standard of reasonableness.

## <u>Conclusion</u>

The records and files in this case conclusively establish that Wade is not entitled to

relief. Therefore, Wade's motion is denied without an evidentiary hearing.

      SO ORDERED this 4th day of August, 2021

                            _____
                            STEPHEN N. LIMBAUGH, JR.
                            SENIOR UNITED STATES DISTRICT JUDGE